FORET, Judge,
concurring.
Due to the fact that I authored an opinion entitled Bailey v. Douglas, 478 So.2d 172, 173 (La.App. 3 Cir.1985), writ denied, 479 So.2d 172 (La.1985), involving a paternity suit and in which we reversed the trial court’s finding in favor of the defendant, and for the further reason that Bailey v. Douglas, supra, is not mentioned in the majority’s review, I feel compelled to write this concurring opinion.
In Bailey, as distinguished from the instant case, there was, in my view, suffi *228 cient corroborative lay testimony to prove that the defendant and the plaintiff were engaged in a relationship during the relevant times, and further, the defendant himself admitted having sexual relations with the plaintiff. In the case before us, the defendant did not admit ever having sexual relations with the plaintiff’s mother, and the mother herself testified that she had only one episode of sexual intercourse with the defendant; thus, the unscientific evidence falls way short of that which existed in Bailey v. Douglas, even though the blood test evidence is highly persuasive.